**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS GOMEZ-CARDENAS, | No. 14-71960 |
| Petitioner, | Agency No. A087-744-568 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:  SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Luis Gomez-Cardenas, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Gomez-Cardenas' unexhausted contention as to his opinion about government corruption because he failed to raise it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The agency did not err in finding that Gomez-Cardenas failed to establish membership in a cognizable social group. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group). Substantial evidence supports the agency's determination that Gomez-Cardenas otherwise failed to establish that any harm he fears in Mexico will be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an

applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members has no nexus to a protected ground").  Thus, Gomez-Cardenas' withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Gomez-Cardenas failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Mexico.  *See Ramirez-Munoz*, 816 F.3d at 1230.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**